Per Cur.
In a civil action, parol proof of the confession Is proper, the paper itself is not evidence of a higher nature; but in addition to this we are of opinion — that no party in a civil suit has a right to call for the written examination taken on a criminal prosecution. It may concern the publick interests to prevent its publicity, and to keep it secret. The witness may be allowed to refer to the paper to refresh his memory.
2d It does not appear that this confession was obtained under the promises that have been mentioned. At any rate such engagements protect the party only against the consequences of a publick prosecution. The District attorney cannot in this manner affect the interests of the plaintiff in a civil suit, or prevent individuals from having the benefit of his testimony. •
It was proved that there was a combination between Freeman and the other defendants, to cheat the plaintiff, and the *115 witness being about to relate a conversation between himself and the re.,'—
The counsel for the defendant objected to the testimony, on the ground that Freeman was out of the room during at least:» n rt of the time, and that nothing was evidence against him winch occurred in his absence. — Rut—
Per Cur.
We are of opinion that the evidence is proper. Mr- Ogden has proved a connexion between the defendants in order to perpetrate this fraud, and it is therefore unexceptionable to prove conversations which occurred while Feeman was present, though he might occasionally have stepped out of the room during its continuance.
Boudinot moved for a nonsuit on the ground that the act charged upon the defendants is a felony and therefore no action of trespass lies; and cited Proctor v. Beny. (a)
Stockton and Leake contra, — cited
Ramsay v. Mc. Donald, (b) in which it was said that a person under attainder is civiliter mortuus, his person and estate are absolutely at the disposal of the crown, and consequently he is not liable to civil suits — but Lee C. J. said— “ there is no doubt but a person attainted may be sued.”
Per Cur.
The defence appears a harsh one, the more so, as it is made to save the sheriff from the consequences of Freeman’s escape. If he had been sued for the escape, he would not be permitted to take advantage of any error in the judgment — we doubt the rule of law notwithstanding the case from Barnes, but at any rate we are not so far satisfied ofthe soundness of tbe objection, as to withdraw the case from the consideration of the jury, (c)

 Barnes 450.

 Foster 61. 1 Wiis. 217.

 Note. — The court seemed to lean strongly against the principle contended for by the counsel for the defendants: the suddenness of the objection however prevented a recurrence to authorities, which would have satisfied them that the inclination of their minds was correct. — A question of this kind must frequently have occurred in the English courts, and the law has been clearly settled bv their decisions. From the cases to which reference *116 ■will presently be made, it would appear, that there is no colon? for the principle contended for by the counsel for the defendant, in the case before us; -viz: that no civil suit can be maintained to recover damages sustained by a felonious act. It does not appear that so extensive a doctrine has ever been admitted in England, but there are cases in which after a conviction, upon an indictment for felony, a civil action has been brought to rocover damages sustained by the act, which had thus been punished criminalitcr. In these cases the rule which has been adopted appears to be, that where the offender was convicted of a robbery by the evidence, or the procurement of the injured person, restitution being allowed as part of the punishment under the statute 21. Hen. 8. e. 11. the criminal should not be compelled a second time, to make compensation for the damages which he had occasioned.
It is said in Broke, “ Trespass,” fil. 415 that an action of trespass does not lie for the taking of goods, after the person who took them has been indicted of felony and acquitted; for the trespass is extinguished in the felony. This doctrine however is altogether uncorroborated by any other writer, and contradicted fey the following cases.
The first is that of Markham v. Cob. reported in Latch 144. and Noy 82. and cited 2 Roll. abr. 557. pl. 22, 23. 20 Vin. ab. 472. “ Trespass.” Y. 3. fil 4. 6. Bac. ab. 578. It was'an action of trespass for breaking the plaintiff’s house in D. and taking and carrying away £3000. in divers bags of money &c. The defendant pleaded quod coram clomino Hubbard and the Justices of Assize See. he was indicted by the procurement of the plaintiff, for the same offence, for breaking the house burglariter, and carrying away the said £3000. and he put himself upon the country, and one &c. was found guilty as principal, and he as accessory. And the question was whether this action lay. The court held the plea bad; and all the Justices agreed that it was defective, inasmuch as it did not state that the defendant had been convicted by the evidence of the party; in which case alone restitution is allowed by the statute.
It is evident from this case, that the main question considered fey the court, was, whether the plaintiff had been remunerated for the damages sustained; and two of the Justices say, “ the indictment does not take away the right of the party, and the plaintiff could not have had restitution under the statute. This construction of the language of the court, is confirmed by Finer (ubi Wfira.)
In the subsequent case of Dawkes v. Covinheigh, Styles 346. the same rule is adopted. — This was an action of trespass for carrying away £250, &c — A special verdict was found, which stated, that the defendant did feloniously break the house See, was¡ found guilty &c. The question upon the special verdict was, if after the defendant was indicted and found guilty, .and punished for this act, an action of trespass guare clausum fregit could be maintained by the party robbed, against the party that robbed of not. And' all the Justices held that the action would well lie, though Roll said that it would pot before the conviction.
*117 In the case of Smith v. Weaver in North Carolina. Taylor 58. sliidi was an action of trespass brought for the killing of a slave belonging to plaintiff, the jury found a verdict for the plaintiff under the direction of the court. It would appear from the report of the case, which is loose and unsatisfactory, that the defendant had been indicted for the felony and acquitted, and that this action was brought pending the prosecution. The defendant moved for a new trial on the ground that the civil injury was merged in the felony. But the court held the verdict right, and refused the application for a new trial.
Blackstone 4 Com. 363. says, “ if the felon be convicted and “ pardoned, or be allowed his clergy, the party robbed may bring <E his action of trover against him for the goods, and recover a <! satisfaction in damages: — but such action lies not before prose-5! cution, for so felonies would be made up and healed.”
In Lutterell v. Reynell and others, 1 Mod. 282. it was objected to the evidence, that if true, it destroyed the plaintiff’s action, inasmuch as it went to prove the defendants guilty of felony; but it was held by the court that it should not lie in the mouth of the party, to say that he was a thief, and therefore not guilty of the trespass; but perhaps if it had appeared upon the declaration, the defendant ought to have been discharged of the trespass.
2 Hawk. 625 b. 2. c 47. sec. 6. If it appear in an action of trespass, that the act was felonious, no verdict ought to be taken, unless the defendant has been, before tried for felony; because the suffering such actions, might be a means to prevent prosecutions for felonies. Quere.
It may however be remarked, that it is at least doubtful whether this question was in any manner properly before the court, in the text. The felonious act is the forgery of the certificates; the ground of this action was the deception practised by imposing counterfeit for real certificates. The felonious act was one thing, the cheating another; and the principle upon which the ¿notion for a nonsuit was maeje was not involved,